United States District Court
Southern District of Texas
**ENTERED**
June 11, 2026
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DOMINGO JAYAR PEREZ, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-26-3276 |
| | § | |
| RANDY TATE, et al., | § | |
| | § | |
| Respondents. | § | |

## MEMORANDUM OPINION AND ORDER

Domingo Jayar Perez ("Petitioner"), a citizen of Cuba, entered the United States without admission or parole on June 27, 2021.[1] On July 6, 2021, Petitioner was apprehended, processed, and released on his own recognizance.[2] On February 4, 2026, Petitioner was served with a Notice to Appear.[3] On an unknown date Petitioner was redetained by Immigration and Customs Enforcement.[4] He remains in immigration custody.[5]

Pending before the court is Petitioner's Habeas Petition (Docket Entry No. 1). Petitioner argues that his detention without

---

[1]Petition for Writ of Habeas Corpus ("Habeas Petition"), Docket Entry No. 1, p. 1 ¶ 2; United States' Response and Motion for Summary Judgment ("Respondents' MSJ"), Docket Entry No. 5, p. 3. For purposes of identification, all page numbers refer to the pagination imprinted at the top of the page by the court's Electronic Case Filing system.

[2]Habeas Petition, Docket Entry No. 1, p. 2 ¶ 2.

[3]Notice to Appear, Exhibit B to Habeas Petition, Docket Entry No. 1-2, p. 2.

[4]Habeas Petition, Docket Entry No. 1, p. 2 ¶ 2.

[5]Id.

a bond hearing violates due process.[6]  Also pending before the court is Respondents' Motion for Summary Judgment (Docket Entry No. 5).  Respondents argue that Petitioner is legally detained under § 1225(b)(2) because he is an applicant for admission.[7]  Petitioner has filed a reply.[8]

Because "presence without admission deems [Petitioner] to be [an] applicant[] for admission," Petitioner is subject to mandatory detention under § 1225(b)(2).  Buenrostro-Mendez v. Bondi, 166 F.4th 494, 498, 502 (5th Cir. 2026).  This mandatory detention does not violate substantive or procedural due process.  As explained in Garcia De La Cruz v. Bondi, Civil Action No. H-25-5577, 2026 WL 309939 (S.D. Tex. Feb. 5, 2026), the Supreme Court has made clear that "'[d]etention during removal proceedings is a constitutionally permissible part of that process.'"  Id. at *2 (quoting Demore v. Kim, 123 S. Ct. 1708, 1721-22 (2003)).  Moreover, as explained in Jacobo-Ventura v. Dickey, Civil Action No. H-25-6117 (S.D. Tex. Feb. 19, 2026), because Petitioner only has those rights regarding admission that Congress has provided by statute, and because § 1225(b)(2) mandates detention of applicants for admission until certain proceedings have concluded, Petitioner is not entitled to a bond hearing as a matter of procedural due process.

---

[6]Id. at 8-9.

[7]Respondents' MSJ, Docket Entry No. 5, pp. 1-3.

[8]Brief in Reply to Respondents Response to Petition and Motion for Summary Judgment, Docket Entry No. 6.

-2-

For the reasons explained above, Respondents' Motion for Summary Judgment (Docket Entry No. 5) is **GRANTED**, and Petitioner's Petition for Writ of Habeas Corpus (Docket Entry No. 1) is **DENIED**.

The court will enter a final judgment in favor of Respondents.

**SIGNED** at Houston, Texas, on this 11th day of June, 2026.

_____
SIM LAKE
SENIOR UNITED STATES DISTRICT JUDGE